■ ERIC MEYN, Appellant, v EVA MEYN, Respondent.—In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated January 9, 1985, which granted the defendant wife's application for an award of counsel fees.

Order reversed, on the facts and as a matter of discretion, without costs or disbursements, and application denied.

Counsel fees were awarded to the defendant in connection with her successful motion to vacate an uncontested judgment of divorce which had been granted to the plaintiff on January 30, 1984.

A judgment of divorce was granted to the plaintiff on January 30, 1984, on the ground that the parties had been living separate and apart pursuant to a written separation agreement and a subsequent amendment thereto. The defendant thereafter sought to vacate the judgment of divorce on the grounds that the plaintiff was guilty of duress and deceit in procuring her consent to the separation agreement.

Although the court, after a hearing, vacated the judgment of divorce, it did not do so based on the defendant's allegations; indeed, it specifically rejected those allegations. Rather, the court vacated the judgment of divorce because it was based on "outright perjury when it is obvious the parties lived together after the separation agreement was signed".

In view of the defendant's collusion in the fraud perpetrated on the court, we are of the view that this case is not an

instance where "justice requires" an award of counsel fees (see, Domestic Relations Law § 237). Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.